**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LATASHA HIRD,
<u>Plaintiff-Appellee,</u>

v.

ELMER DAVIS; TIMOTHY SYKES;
LAWRENCE WRIGHT; WILLIAM

No. 97-1047

MCINTYRE, individually and as
agents, servants, and employees of
the City of Salisbury Police
Department; THE CITY OF SALISBURY,
a body corporate and politic,
<u>Defendants-Appellants.</u>

LATASHA HIRD,
<u>Plaintiff-Appellee,</u>

v.

ELMER DAVIS; TIMOTHY SYKES;
LAWRENCE WRIGHT; WILLIAM

No. 97-1125

MCINTYRE, individually and as
agents, servants, and employees of
the City of Salisbury Police
Department; THE CITY OF SALISBURY,
a body corporate and politic,
<u>Defendants-Appellants.</u>

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-96-326-L)

Submitted: August 6, 1997

Decided: June 29, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William J. Chen, Jr., John B. Walsh, Rockville, Maryland, for Appellants. Linda Eve Percy, Timonum, Maryland; Richard W. Drury, MCMULLEN, DRURY & PINDER, P.A., Towson, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant LaTasha Hird, a public safety officer employed by the Police Department of the City of Salisbury, Maryland, brought this federal action against the City and a number of fellow-officers in the Department. Her second amended complaint alleged continuous, systematic acts of sexual harassment by the individual defendants which, when brought to the attention of her supervisors resulted in no corrective action by the City, but only retaliatory acts against her by the supervisors. On the basis of these factual allegations, she alleged a Title VII claim for sexual harassment against her immediate supervisor, a Lt. Davis, and the City; a claim under 42 U.S.C. § 1983 against the City for discriminatory sexual harassment; state common law claims against the City for negligent supervision and retention and against various individual defendants for battery, intentional infliction of emotional distress, and false imprisonment; and a state constitu-

2

tional tort claim against the City and all the individual defendants for violation of the Maryland Declaration of Rights. The complaint sought an injunction and compensatory and punitive damages.

On motions by the City and the individual defendants to dismiss the several claims on various grounds, the district court: (1) dismissed the Title VII claim against Lt. Davis for failure to have included him in Ms. Hird's EEOC charge; and denied the City's motion to dismiss the Title VII claim against it for failure to allege an inculpating policy or custom for whose consequences it could be held liable; (2) denied the City's motion to dismiss the parallel § 1983 claim against it for failure to state a claim; (3) denied the motion by the City to dismiss the state common law and constitutional tort claims against it on various grounds of sovereign immunity and failure to state cognizable claims; (4) denied the individual defendants' respective motions to dismiss the state common law and constitutional tort claims against them on various grounds of immunity and failures to state claims; and (5) denied the alternative motions by both the City and the individual defendants to dismiss the state law claim against them without prejudice as inappropriate for addressing under the court's supplemental jurisdiction. By subsequent order, the court clarified that though the several federal and state-law claims pleaded against the City were allowed to proceed on their prayers for injunctive relief and compensatory damages, punitive damages could not be recovered against the City on any of the claims.

This appeal by the City and the individual defendants followed. Ms. Hird has not cross-appealed the district court's dismissal of her Title VII claim against Lt. Davis, nor the dismissal of her several claims for punitive damages against the City. Following the filing of briefs, the parties by joint motion requested that the appeal be submitted for decision on the briefs without oral argument. We granted the motion and, having considered the briefs and record, now affirm the judgment on the reasoning of the district court. Specifically, we find no error of law in the district court's decision to deny all of the defendants' motions to dismiss on the merits save that of Lt. Davis as to the Title VII claim and that of the City as to the claims against it for punitive damages. Nor do we find any abuse of discretion in the district court's refusal to dismiss without prejudice the several state

3

common-law and constitutional tort claims and to retain those claims for determination under the court's supplemental jurisdiction.

<u>AFFIRMED</u>

4